[Cite as *In re Guardianship of Warford*, 2026-Ohio-2486.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: GUARDIANSHIP OF
HANSJOCHEN WARFORD

C.A. No.　　31597

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.　　2024 GA 00174
　　　　　　　2024 GA 00174A

DECISION AND JOURNAL ENTRY

Dated: June 30, 2026

SUTTON, Judge.

{¶1}　Appellant Lawrence G. Reinhold, Successor Guardian of the Estate of Hansjochen R. Warford ("the Ward"), appeals the judgment of the Summit County Court of Common Pleas, Probate Division ("Probate Court"), ordering attorney fees and guardian fees to be paid to Appellee Attorney Aviva L. Wilcher-Smiley, the prior guardian of person and estate of the Ward. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}　On August 6, 2024, the Probate Court appointed Attorney Wilcher-Smiley as guardian of the person and estate of the Ward in case number 2024 GA 00174 ("the original guardianship"). According to the inventory filed by Attorney Wilcher-Smiley, the Ward's assets for purposes of his estate included a bank account, real property, and a vehicle in addition to his social security income.

{¶3}    Prior to the guardianship being established, the Ward had been sued in the Summit County Court of Common Pleas in the case *Discover Bank v. Hansjochen Warford*, case number CV-2024-06-2544, for a delinquent credit card debt of $13,866.95.  Attorney Wilcher-Smiley settled the *Discover Bank* case on behalf of the Ward by entering into a payment plan with Discover Bank.  Before doing so, Attorney Wilcher-Smiley sought permission from the Probate Court to settle the *Discover Bank* case and the Probate Court magistrate approved the settlement in an order filed March 12, 2025.

{¶4}    On March 12, 2025, Attorney Wilcher-Smiley withdrew as the guardian of person and estate of the Ward.  On March 17, 2025, Attorney Reinhold filed a successor application for appointment as guardian of the Ward's person and estate in case number 2024 GA 00174A ("the successor guardianship").  On April 30, 2025, the Probate Court appointed Attorney Reinhold as successor guardian of the estate only of the Ward and issued letters of guardianship to Attorney Reinhold in the successor guardianship.

{¶5}    On May 12, 2025, Attorney Wilcher-Smiley filed an application for attorney fees in the original guardianship for her work in settling the *Discover Bank* case on behalf of the Ward.  On May 21, 2025, Attorney Wilcher-Smiley, also in the original guardianship, filed an application for attorney and guardian fees for her work as attorney and guardian of the Ward.  The magistrate granted both applications in separate "Order[s]" filed on May 30, 2025, ordering attorney fees and guardian fees to Attorney Wilcher-Smiley in the amount of $7,875.00 for her work as guardian, and attorney fees in the amount of $1,950.00 for her work representing the Ward in the *Discover Bank* case.

{¶6}    On June 6, 2025, Attorney Wilcher-Smiley submitted her final account in the original guardianship as ordered by the magistrate.  The final account included the attorney fees

and guardian fees approved by the magistrate in his May 30, 2025 orders. The final account has not yet been approved by the Probate Court.

{¶7} On June 11, 2025, Attorney Reinhold, as successor guardian of the estate of the Ward, filed objections in the original guardianship to both magistrate's orders granting attorney fees and guardian fees to Attorney Wilcher-Smiley, arguing the fees were excessive. Attorney Wilcher-Smiley responded in opposition to the objections, and Attorney Reinhold replied in support of his objections.

{¶8} In a July 3, 2025 "Order"[1], filed in both the original guardianship and the successor guardianship, the Probate Court deemed Attorney Reinhold's objections to the May 30, 2025 magistrate's orders as motions to set aside magistrate's orders pursuant to Civ.R. 53(D)(2), and determined because the motions were not filed within 10 days per Civ.R. 53(D)(2)(b), the motions failed as untimely. However, the Probate Court, after reviewing the pleadings, magistrate's orders, and the applicable law, also considered the motions on the merits and stated it found no abuse of discretion in approving the attorney fee "but must adjust the guardian fee per Local Rule 71.2(B)" to $60.00 per hour. The Probate Court then adjusted Attorney Wilcher-Smiley's guardian fee downward, ordering Attorney Wilcher-Smiley to return the $267.00 overpayment to the guardianship account.

{¶9} It is from the Probate Court's July 3, 2025 order that Attorney Reinhold appeals. Attorney Reinhold filed a Notice of Appeal in case number 2024 GA 00174A, the successor guardianship, but did not file a Notice of Appeal in case number 2024 GA 00174, the original guardianship.

---

[1] The entry overruling the objections was titled "ORDER" by the Probate Court.

II.

{¶10} Attorney Reinhold raises two assignments of error for our review. Attorney Reinhold added a third assignment of error in his reply brief, which we will not consider in this appeal because it violates Loc.R. 16(C), which states in relevant part: "[r]eply briefs shall be restricted to matters in rebuttal of the appellee's brief. Proper rebuttal is confined to new matters in the appellee's brief."

{¶11} However, before addressing the assignments of error, we must first address several preliminary issues raised by Attorney Wilcher-Smiley.

**Notice of Appeal**

{¶12} Attorney Wilcher-Smiley argues the notice of appeal was filed in the wrong Probate Court case number. As we have recited above in the background information, the notice of appeal was filed in case number 2024 GA 00174A, the successor guardianship, but not case number 2024 GA 00174, the original guardianship case. However, both cases concern the same guardianship and the same Ward. The successor guardianship is a continuation of the original guardianship, albeit with a different guardian. The guardianship of this Ward encompasses both case numbers. A review of this Court's docket shows that the transcript of docket and journal entries for both cases have been filed in this appeal and the records of both cases are properly before us.

**Final Appealable Order**

{¶13} Attorney Wilcher-Smiley also argues the Probate Court order overruling the objections to the magistrate's order is not a final appealable order because her final account has not been approved by the Probate Court in case number 2024 GA 00174. We disagree.

{¶14} In a guardianship case, the Second District Court of Appeals stated: "a judgment awarding attorney fees, but deferring determination of the *amount* of those fees, is not a final

appealable order." (Emphasis added) *In re Guardianship of Van Dyke*, 2015-Ohio-4202, ¶ 6 (2d Dist.). Then on appeal after remand, the Second District Court of Appeals in *Van Dyke* did review the order for the specific amount of attorney fees. Here, the Probate Court has ordered specific amounts of guardian and attorney fees. Therefore, under the reasoning of *Van Dyke*, the July 3, 2025 order is reviewable.

{¶15} In a guardianship case under R.C. Chapter 2111 et seq., the appointment of a guardian is a final appealable order. *In re Disqualification of Gallagher*, 2023-Ohio-2977, ¶ 51; *In re Guardianship of Scobie*, 2007-Ohio-1900, ¶ 4 (6th Dist.). Orders entered after the guardianship is established are not pre-judgment orders. They are orders made in the Probate Court's role as superior guardian, to oversee and manage the guardianship. *See* R.C. 2111.50(A)(1).

{¶16} R.C. 2505.03(A) provides in relevant part: "[e]very final order, judgment, or decree of a court may be reviewed on appeal by . . . a court of appeals, or the supreme court, whichever has jurisdiction." R.C. 2505.02(B) provides in relevant part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> . . .
>
> (2) An order that affects a substantial right made in a special proceeding or upon summary application in an action after judgment[.]

**Substantial Right**

{¶17} "Substantial right" is defined as a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect. R.C. 2505.02(A)(1).

{¶18} The substantial right affected here is the Ward's estate, which consists of the Ward's property. R.C. 2111.14(A). Possessing and protecting property are substantial rights under the Ohio Constitution, which provides in relevant part: "All men . . . have certain inalienable rights, among which are those of . . . acquiring, possessing, and protecting property[.]" Ohio Const., art. I, § 1; *See also Puritas Metal Prods. Inc. v. Cook*, 2012-Ohio-2116, ¶ 9 (9th Dist.) ("property rights are expressly protected by the Ohio Constitution."). The order for payment of attorney fees and guardian fees payable from the Ward's estate affects the Ward's property and therefore affects a substantial right

## Guardianships are Special Proceedings and the Attorney and Guardian Fees Were Ordered Upon Summary Application After Judgment

{¶19} A judicially appointed guardianship is a special proceeding. *In re Emergency Guardianship of Stevenson*, 2005-Ohio-997, ¶ 8 (9th Dist.), citing *In re Guardianship of Freeman,* 2002-Ohio-6386, ¶ 12 (4th Dist.) and *In re Guardianship of Hosey,* 2005-Ohio-53, ¶ 25 (2d Dist.). The appointment of a guardian is a final appealable order. *In re Disqualification of Gallagher*, 2023-Ohio-2977, at ¶ 51; *In re Guardianship of Scobie*, 2007-Ohio-1900, at ¶ 4. (The fee applications were approved upon summary application and were ordered after the guardian had been appointed for the Ward.

{¶20} We conclude the Probate Court's order concerning attorney and guardian fees affects a substantial right made in a special proceeding. Further, the order was made upon summary application after judgment. Therefore, based on the foregoing, we determine that the Probate Court's July 3, 2025 order is a final appealable order.

## Sanctions

{¶21} Finally, Attorney Wilcher-Smiley has also asked this Court to impose sanctions on Attorney Reinhold for frivolous conduct, specifically his filing of a reply brief that raised a new

assignment of error in contravention of Loc.R. 16(C). While Attorney Reinhold has not prevailed in this appeal and we did not consider the new assignment of error raised in his reply brief, he is arguably acting in the Ward's best interests as guardian of the Ward's estate by challenging what he believes are excessive fees paid by the Ward's estate. R.C. 2111.14(A)(2). Therefore, we decline to impose sanctions.

{¶22} We now turn to Attorney Reinhold's assignments of error. To facilitate our analysis, we will consider the assignments of error out of order.

## ASSIGNMENT OF ERROR II

**IT IS AN ABUSE OF DISCRETION BY SUMMIT COUNTY COMMON PLEAS COURT-PROBATE DIVISION TO AWARD GUARDIAN FEES AND ATTORNEY FEES IN EXCESS OF 36% OF THE WARD'S INCOME[.]**

{¶23} Mr. Reinhold argues in his second assignment of error that the Probate Court abused its discretion in its award of the amount of guardian fees and attorney fees to Attorney Wilcher-Smiley. In his first assignment of error, Attorney Reinhold argues the Probate Court erred in treating the magistrate's orders as magistrate's orders pursuant to Civ.R. 53(D)(2), and not magistrate's decisions pursuant to Civ.R. 53(D)(3). We will discuss this distinction in our analysis of Attorney Reinhold's first assignment of error below. But because the Probate Court proceeded to rule on the *merits* of Attorney Reinhold's challenges to attorney and guardian fees, and because a determination on the merits is dispositive in this case, our analysis is focused accordingly on the merits.

{¶24} The standard of review for a trial court's denial of a motion to set aside a *magistrate's order* and a decision overruling objections to a *magistrate's decision* is the same. We review both for an abuse of discretion. *Schutte v. Strittmatter*, 2018-Ohio-3472, ¶ 11 (9th Dist.), citing *Freeman v. Freeman*, 2007-Ohio-6400, ¶ 43 (9th Dist.); *Wilson v. Wilson*, 2008-Ohio-6431,

¶ 12 (9th Dist.).  Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable.  *Blakemore v. Blakemore* 5 Ohio St.3d 217, 219 (1983).  When applying the abuse of discretion standard, we are precluded from simply substituting our own judgment for that of the trial court.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶25}  Appellate courts presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d).  *Wenger v. Wenger*, 2024-Ohio-3354, ¶ 7 (9th Dist.).  Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its duty of independent analysis, which requires an appellant to provide the reviewing court with facts to rebut our general presumption.  *Id.*

{¶26}  In reviewing a trial court's action concerning the decision of a magistrate, "we consider the trial court's action with reference to the nature of the underlying matter,'" quoting *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.).  Accordingly, in this case, we must consider whether the Probate Court abused its discretion in overruling Attorney Reinhold's objections and ordering the payment of attorney fees and guardian fees in the amount set forth in the Probate Court's July 3, 2025 order.

{¶27}  Here, attorney fees and guardian fees are governed by the local rules of the Summit County Probate Court.  Loc.R. 71.1 provides in relevant part: "[a]ll counsel fee applications shall be accompanied with itemized time records, which shall state the date and time expended, who performed the service, the nature of the service performed, the hourly rate requested, or the specific basis of the fee requested."  Loc.R. 71.1(A)(a).  Pertinent to guardianships, Loc.R. 71.1(C) provides in part: "[a]ll counsel fee applications shall be accompanied by itemized time records that

state the date and time expended, who performed the service, the hourly rate requested, or the specific basis of the fee requested."

{¶28} Loc.R. 71.2 governs when an attorney serves as guardian and provides in relevant part: "[i]n all matters where an attorney is the fiduciary of the . . . guardianship . . . and that attorney . . . is the attorney of record, detailed records shall be maintained. Prof. Cond. Rule 1.5 shall govern the reasonableness of all fees. The [c]ourt assumes an attorney, appointed as fiduciary, has been selected due to the attorney's special knowledge and abilities resulting in a savings of fees to the . . . guardianship [,]" Loc.R. 71.2(A). Loc.R. 71.2(B) requires all fee applications for non-legal services to be accompanied by separate itemized records stating date, time expended, service performed, and the hourly rate requested be billed at 20% of the attorney's hourly rate.

### *Discover Bank* Litigation Attorney Fees

{¶29} Attorney Wilcher-Smiley's application for attorney fees in connection with the *Discover Bank* litigation was accompanied by itemized time records, listing the dates of the services performed, the time expended by Attorney Wilcher-Smiley for each service, the nature of the services performed, and the hourly rate requested.

{¶30} Attorney Reinhold argued in his objections to the order granting attorney fees for the *Discover Bank* litigation that the fees were excessive in light of the $41,494.91 received by the Ward while Attorney Wilcher-Smiley was guardian, that Attorney Wilcher-Smiley failed to conduct discovery or present any defenses to the action, and failed to review the matter with the Ward. It also appears Attorney Reinhold was arguing the Ward's social security and veteran's benefits could not be garnished to pay the *Discover Bank* debt, therefore Attorney Wilcher-Smiley should not have settled the litigation with a payment plan. While Attorney Reinhold argues the attorney fees were excessive for what he terms a simple collection case, and he takes issue with

how she handled the case, he does not argue that Attorney Wilcher-Smiley did not do the work listed in her fee application.

{¶31} Attorney Wilcher-Smiley responded that she did conduct discovery, that she attempted to discuss the matter with the Ward, and that her requested hourly rate is consistent with that of other attorneys who practice in the Summit County Probate Court and "is in fact the same rate as paid to other attorneys on this same case without objection." Attorney Wilcher-Smiley also represented to the Probate Court that the Ward had additional monthly retirement income from "DFAS" that was reflected in her final account as a deposit of $12,959.76, but that income had been on hold, and the Ward's total yearly income was actually $94,868.76, a number Attorney Reinhold did not dispute in his replies to Attorney Wilcher-Smiley's responses to his objections. Attorney Reinhold reiterated that the income to which he was referring was the income received by Attorney Wilcher-Smiley when she was guardian. In addition to the Ward's federal benefits, he also owned real property, which is not exempt from a judgment attaching to it, and a vehicle. Attorney Wilcher-Smiley explained her legal analysis in deciding to settle the case in the way she did, which was to avoid extra time and expense and to prevent a lien being placed on the Ward's real property.

{¶32} As for Attorney Reinhold's argument concerning the Ward's social security and veteran's benefits, there is nothing in the application to approve the *Discover Bank* settlement agreement or the magistrate's March 2025 approval of the settlement agreement concerning those benefits. In addition, Attorney Reinhold stated in his brief that Attorney Wilcher-Smiley did not have access to the Ward's veteran's benefits after January 2025, when he was appointed the Ward's "Federal Fiduciary" by the Veterans Administration. To the extent that Attorney Reinhold is also

arguing the guardian fees could not be paid from the Ward's social security, the Social Security Program Operations Manual System, GN 00602.040 states as a policy:

> When an individual is appointed a legal guardian for a competent or incompetent beneficiary, part of the beneficiary's funds may be used for customary guardianship costs (or proceedings) and court-ordered fees, provided:

- the guardianship appears to be in the beneficiary's best interests;

- the beneficiary's personal needs are met first; and

- the beneficiary's funds would not be depleted by the guardianship costs.

Attorney Reinhold has not argued that the guardianship is not in the Ward's best interests, that the Ward's personal needs are not being met, or that the Ward's funds have been depleted by the guardianship costs, especially given the Ward's ongoing annual income of more than $94,000.00. To the extent Attorney Reinhold is arguing that the Probate Court did not have jurisdiction to order that guardian and attorney fees be paid out of the Ward's veteran's benefits, there is nothing in the Probate Court's orders indicating it exercised jurisdiction over the veteran's benefits and the previous guardian did not have access to the veteran's benefits after January 2025.

**Guardian Fees and Attorney Fees**

**{¶33}** Attorney Wilcher-Smiley's application for attorney and guardian fees was also accompanied by an itemized listing of the dates of the services performed, the time expended, and the nature of the services performed. Attorney Wilcher's hourly fee for attorney work was $300.00, and her fee for guardian work was $75.00 per hour.

**{¶34}** Attorney Reinhold again argued in his objections to the guardian fees that the fees were excessive in light of the Ward's income. He specifically argued that Attorney Wilcher-Smiley's attorney rate of $300.00 per hour was excessive, and that her requested guardian fee was

$75.00 per hour, but Loc.R. 71.2(B) limited the guardian fee to 20% of the attorney fee, which was $60.00 per hour.

{¶35} The Probate Court agreed with Attorney Reinhold on the latter point concerning the guardian fee and adjusted the guardian fee accordingly. In overruling the objections to both magistrate's orders, the Probate Court stated, "[Attorney Wilcher-Smiley's] experience, knowledge, and fiduciary ability is known to the [c]ourt. Further, the $300/hour rate is at the high end of reasonable but somewhat common in this [c]ourt for litigation."

{¶36} This Court has reviewed the entire record in both Probate Court case numbers and determines that Attorney Reinhold has not met his burden to rebut the presumption that the Probate Court conducted an independent analysis in reviewing the magistrate's decisions in accordance with Civ.R. 53(D)(4)(d). *Wenger*, 2024-Ohio-3354, at ¶ 7. Upon review, we cannot conclude that the Probate Court abused its discretion in overruling the objections concerning attorney fees and guardian fees.

{¶37} Accordingly, Attorney Reinhold's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

**THE SUMMIT COUNTY COMMON PLEAS COURT-PROBATE DIVISION ERRED IN APPLYING OHIO RULE OF CIVIL PROCEDURE 53(D)(2) TO THE OBJECTIONS FILED TO THE MAGISTRATE'S ORDER OR DECISION GRANTING, AWARDING OR APPROVING A GUARDIAN'S APPLICATION FOR GUARDIAN'S FEES AND ATTORNEY FEES.**

{¶38} Attorney Reinhold argues the trial court erred by treating the orders of the magistrate as magistrate's orders pursuant to Civ.R. 53(D)(2). Although we agree that the trial court erred, because the trial court considered Attorney Reinhold's objections on the merits, we conclude that error was harmless.

{¶39} Magistrates are permitted to act in two ways under Civil Rule 53. A "magistrate's order" may be entered without judicial approval to regulate proceedings when not dispositive of a claim or defense. Civ.R. 53(D)(2)(a)(i). "A magistrate's order must be identified as such in the caption and must be signed by the magistrate and filed and served by the clerk of courts." *Reisinger v. Reisinger*, 2019-Ohio-2268, ¶ 10 (9th Dist.), citing Civ.R. 53(D)(2)(a)(ii). A party who disagrees with a magistrate's order must file a motion with the trial court to set the order aside that explains the party's reasons for disagreement with particularity. Civ.R. 53(D)(2)(b). In contrast, a magistrate's decision-which is permitted by Rule 53(D)(3)-requires action by the trial court. *Reisinger* at ¶ 11, citing Civ.R. 53(D)(4). *See also, Greene v. HOC Transp.,* 2023-Ohio-2867, ¶ 13 (9th Dist.).

{¶40} Here, the magistrate entered two "Orders" concerning attorney fees and guardian fees. Both of these "Orders' were challenged in the Probate Court by Attorney Reinhold via objections. One entry was titled "Order Granting Attorney and Guardian Fees." The other was titled "Order Granting Attorney Fees in Civil Proceeding." Neither "Order" was identified in the caption as a "magistrate's order."

{¶41} While the entries signed and filed by the magistrate granting attorney fees and guardian fees were not labeled "magistrate decisions," because the entries disposed of Attorney Wilcher-Smiley's claims for attorney fees and guardian fees, and those fees were to be paid from the Ward's estate, those entries were "substantive" and not orders merely for the regulation of the proceedings. Therefore, the magistrate was without authority to dispose of the claims by way of magistrate's order. *Bland v. Bldg. for the Future Mgmt., LLC,* 2024-Ohio-5391, ¶ 15 (8th Dist.). Rather, Civ.R. 53(D)(4)(a) requires that the magistrate issue a *decision* under Civ.R. 53(D)(3)(a)(i). *Id.* The distinction is important because magistrate's orders are interlocutory by

nature and are not directly appealable. *Walsh v. Walsh*, 2020-Ohio-6998, ¶ 6 (11th Dist.). Whereas a magistrate's decision remains interlocutory until the trial court reviews the magistrate's decision and rules on any objections, adopts, modifies, or rejects the decision, and enters a judgment that determines all the claims or determines that there is no just reason for delay. *Alexander v. LJF Mgt.*, 2010-Ohio-2763, ¶ 12 (1st Dist.).

**{¶42}** Indeed, we have already decided that the Probate Court's July 3, 2025 order ruling on Attorney Reinhold's objections was a final appealable order and that the order affected a substantial right. Therefore, the Probate Court erred in determining that the entries signed by the magistrate granting attorney fees and guardian fees were "magistrate's orders." The entries should have been captioned "magistrate's decisions" and complied with the requirements set forth in Civ.R. 53(D)(3), including a conspicuous notice that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(a)(3).

However, because the Probate Court proceeded to rule on the merits of Attorney Reinhold's objections despite declaring them untimely, and we have determined that the Probate Court's decision ruling on the objections was not an abuse of discretion, Attorney Reinhold was not prejudiced. Accordingly, even assuming error in this case, it would be harmless.

**{¶43}** Accordingly, Mr. Reinhold's first assignment of error is overruled.

III.

**{¶44}** For the forgoing reasons, Mr. Reinhold's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas Probate Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
CONCURS.

HENSAL, P. J.
DISSENTING.

{¶45} I agree that the order the magistrate entered regarding attorney fees qualified as a magistrate's decision under Civil Rule 53(D)(3) and that the probate court incorrectly construed the objections as an untimely motion to set aside the order. If a party files timely objections to a

magistrate's decision, "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶46} The objections argued that the hourly rate charged by the former attorney was excessive. They also argued that the attorney's representation was deficient because she failed to conduct any discovery, consult with the ward, or present any defenses. In its decision, the probate court did not state that it had undertaken an independent review of the matters. It also only addressed the objection regarding the hourly rate, finding the rate was appropriate based on the attorney's experience and knowledge and the rates that are common for litigation.

{¶47} I do not believe the probate court complied with Rule 53(D)(4)(d). Because it did not conduct an independent review of each of the objections, I cannot agree that its errors were harmless. I would reverse this matter and remand for the probate court to evaluate the merits of all the objections under Rule 53(D)(4)(d). I would not reach the merits of the second assignment of error because it is premature. I, therefore, respectfully dissent.

APPEARANCES:

LAWRENCE G. REINHOLD, Attorney at Law, for Appellant.

AVIVA L. WILCHER-SMILEY, Attorney at Law, for Appellee.

MARK H. LUDWIG, Attorney at Law, for Appellee.